

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-11-00920-CV

**IN THE INTEREST OF C.L.C.**, B.I.C., and A.A.C., Minor Children

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CI-01925
Honorable Barbara Hanson Nellermoe, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  March 20, 2013

AFFIRMED

This appeal arises from disputes pertaining to Appellant Rodney Cabrera's petition, and Appellee Sara Alvarez's counterpetition, to modify the parent-child relationship.  After Rodney nonsuited his petition, the jury granted Sara's request to be designated primary managing conservator of the couple's three children, and awarded Sara $15,000 for attorney's fees.  The trial court's order reduced the award of attorney's fees to $7,500, but otherwise reflected the jury's verdict.  Rodney contends the trial court abused its discretion by (1) denying his motion for special exceptions, (2) allowing the social study evaluator to offer an opinion as to the right to designate the primary residence of the children, (3) denying his request to amend pleadings six days before trial, and (4) making an award of attorney's fees.

**BACKGROUND**

In a 2009 divorce decree, Rodney and Sara were appointed joint managing conservators of their three children, with each parent having possession of the children every week. The decree also ordered the children's residence was to remain in Bexar County, Texas.

Rodney filed a petition to modify the parent-child relationship, requesting that he be given the right to designate the children's primary residence. In his petition, Rodney alleged that the "circumstances of the children, a conservator, or other party affected by the order to be modified have materially and substantially changed since the date of rendition of the order to be modified." Shortly thereafter, Sara filed a counterpetition to modify the parent-child relationship, requesting Rodney have a standard possession order, that Rodney pay child support, and that Sara be given the right to designate the children's primary residence. Sara also requested attorney's fees, expenses, costs, and interest.

Before trial, Sara and Rodney agreed to a social study evaluation of the children and parties. The trial court signed an agreed order on Sara's motion for preparation of the social study, appointing Miriam Elizondo, whom it found qualified under section 107.0511 of the Texas Family Code, as a social study evaluator. The court ordered Ms. Elizondo to prepare a social study into the circumstances and condition of the children and the homes of Rodney and Sara, and to prepare a report satisfying the requirements of sections 107.0513 and 107.0514 of the Texas Family Code. Based on the information reviewed and provided by the parties, collaterals, references, and children, Ms. Elizondo recommended that Sara have the exclusive right to determine the children's residence.

Several months later, Rodney nonsuited his petition against Sara. He then filed a special exception to Sara's counterpetition, asserting that Sara alleged no facts and merely conclusory statements of law pertaining to the modification of conservatorship, possession, and access. The

trial court granted his special exception. Sara amended her counterpetition to assert that she married a member of the armed forces and, as a result, she and the children were eligible to receive housing on post and complete medical and commissary benefits. The counterpetition also stated that residence on post entitled the children to attend exemplary schools. Rodney filed an amended special exception asserting that Sara "did not plead the date of the material and substantial change or [whose] circumstance has changed or in what way," and "did not specifically plead what change was material and what change was substantial."

Six days before trial, Rodney filed a written motion for continuance and, in the alternative, a motion to reinstate his original petition. In support, he claimed that he had a meritorious defense, "including that there has been no change in circumstances, and therefore previously filed a nonsuit as to his [p]etition." The trial court did not reinstate Rodney's pleadings and denied his amended special exception. Rodney then filed a motion to strike Ms. Elizondo as an expert, alleging that her social study did not comply with the Texas Rules of Evidence and the applicable case law. The trial court denied this motion and proceeded to trial.

The jury granted Sara's request to be designated the managing conservator of the couple's three children with the exclusive right to designate the primary residence of the children within Texas, and awarded Sara $15,000 for attorney's fees. The trial court's order followed the jury's verdict, except that the trial court reduced the award of attorney's fees to $7,500.

## SPECIAL EXCEPTIONS

In his first issue, Rodney complains that the trial court erred in denying his first amended special exception because Sara's pleadings were insufficient as a matter of law to establish a cause of action.

## A. Standard of Review

"A trial court has broad discretion in ruling on special exceptions." *Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007); *accord Thompson v. Dart*, 746 S.W.2d 821, 829 (Tex. App.—San Antonio 1988, no writ). When we review a trial court's ruling on special exceptions, "we accept as true all material factual allegations and all factual statements reasonably inferred from the allegations set forth in [the excepted to] pleadings." *Sorokolit v. Rhodes*, 889 S.W.2d 239, 240 (Tex. 1994); *accord Ross v. Goldstein*, 203 S.W.3d 508, 512 (Tex. App.—Houston [14th Dist.] 2006, no pet.). We will not overturn the trial court's ruling unless the record shows the trial court "acted without reference to guiding rules and principles." *Ross*, 203 S.W.3d at 512; *see Thompson*, 746 S.W.2d at 829.

## B. Special Exceptions

Under the "fair notice" standard of pleadings, the proponent's pleadings must advise the opponent of the "nature and basic issues of the controversy." *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000); *see Sw. Bell Tel. Co. v. Garza*, 164 S.W.3d 607, 616 (Tex. 2004); *see also* TEX. R. CIV. P. 45(b), 47(a). If they do not, the opponent may challenge the legal sufficiency of the pleadings by special exceptions. *See* TEX. R. CIV. P. 90, 91; *Friesenhahn v. Ryan*, 960 S.W.2d 656, 658 (Tex. 1998); *Ross*, 203 S.W.3d at 512. If the opponent specially excepts, but the court, "by examining the [proponent's] pleadings alone, . . . may ascertain with reasonable certainty the elements of [the excepted to] cause of action and the relief sought, the pleading is sufficient." *Ross*, 203 S.W.3d at 512.

## C. Modification of SAPCR Order

A court may modify a child conservatorship order if the party seeking the modification establishes that the requested modification is in the best interest of the child and "the circumstances of the child, a conservator, or other party affected by the order have materially and

substantially changed" since the time the order was signed. TEX. FAM. CODE ANN. § 156.101(a) (West Supp. 2012); *accord In re V.L.K.*, 24 S.W.3d 338, 342 (Tex. 2000). Whether circumstances have materially and substantially changed is a fact-intensive question: the marriage of one of the parties and a change in the quality of the home established by the remarriage may constitute a material change. *See In re A.L.E.*, 279 S.W.3d 424, 428–29 (Tex. App.—Houston [14th Dist.] 2009, no pet); *In re S.R.O.*, 143 S.W.3d 237, 244 (Tex. App.—Waco 2004, no pet.); *see also In re J.J.L., Jr.*, No. 04-12-00038-CV, 2012 WL 3985798, at \*1 (Tex. App.—San Antonio Sept. 12, 2012, no pet.) (mem. op.).

### D. Analysis

Rodney argues that the trial court abused its discretion by denying his amended special exception. He asserts that Sara's amended counterpetition failed to state a cause of action because the petition's facts were insufficient to allege an essential element of her cause of action: a material and substantial change in circumstances. He insists that the petition's lack of specificity prevented him from presenting a defense at trial.

Sara's amended counterpetition pled that she had remarried; her new spouse was a member of the armed forces stationed at Fort Hood, Texas; she and her children were now eligible for medical, commissary, and on-post housing benefits; and the children would be eligible to attend exemplary schools. *See In re A.L.E.*, 279 S.W.3d at 428–29; *In re S.R.O.*, 143 S.W.3d at 244; *see also In re J.J.L., Jr.*, 2012 WL 3985798, at \*1. She also pled for the right to designate the primary residence of the children and other relief.

When the trial court considered Rodney's first amended special exception, it was required to take as true all the material facts in, and all the reasonable inferences derived from, Sara's pleading. *See Sorokolit*, 889 S.W.2d at 240; *Ross*, 203 S.W.3d at 512. Having reviewed the record, we conclude that Sara's amended pleading was sufficient to allege the challenged

essential element: a material and substantial change. *See In re A.L.E.*, 279 S.W.3d at 428–29; *In re S.R.O.*, 143 S.W.3d at 244; *see also In re J.J.L., Jr.*, 2012 WL 3985798, at \*1. Thus, the trial court could have "ascertain[ed] with reasonable certainty the elements" of Sara's suit and the relief she sought. *See Ross*, 203 S.W.3d at 512. We further conclude that Sara's pleading gave Rodney fair notice of the nature and basic issues of her suit. *See Horizon/CMS Healthcare Corp.*, 34 S.W.3d at 896; *see also* TEX. R. CIV. P. 45(b), 47(a). Therefore, we overrule Rodney's first issue.

## SOCIAL STUDY EVALUATOR

In his second point of error,[1] Rodney asserts that the trial court erred by denying his motion to strike the expert witness.

### A. Standard of Review and Applicable Law

We review the trial court's determination as to the admissibility of expert testimony for an abuse of discretion. *See E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995). A trial court abuses its discretion when it acts arbitrarily, unreasonably, or without reference to any guiding rule or principles. *Id.*

Texas Family Code section 107.051 gives the trial court discretion to order the preparation of a social study "into the circumstances and condition of the child and of . . . the home of any person requesting managing conservatorship [or] possession of [the] child." TEX. FAM. CODE ANN. § 107.051 (West 2008). The social study is designed to "compare the circumstances and conditions of all individuals seeking managing conservatorship or possession of a child, and to make recommendations to the court regarding the best interest of the child." *Chacon v. Chacon*, 978 S.W.2d 633, 637–38 (Tex. App.—El Paso 1998, no pet.).

---

[1] The order of Rodney's points of error in his issues presented section is different than the order in the body of the brief. For purposes of this opinion, the points of error are consistent with the order in the body of the brief.

If the court orders the preparation of a social study pursuant to section 107.051, the social study evaluator must submit a report detailing his or her findings and conclusions. TEX. FAM. CODE ANN. § 107.054. At a minimum, this report should contain the following basic elements:

> (1) a personal interview of each party to the suit; (2) an interview . . . of each child at issue . . . ; (3) observation of each child . . . ; (4) the obtaining of information from relevant collateral sources; (5) evaluation of the home environment of each party seeking conservatorship of a child[,] . . . unless the condition of the home environment is identified as not being in dispute in the court order requiring the social study; (6) for each individual residing in a residence subject to the social study, consideration of any criminal history information and any contact with the Department of Family and Protective Services or a law enforcement agency regarding abuse or neglect; and (7) assessment of the relationship between each child at issue in the suit and each party seeking possession of or access to the child.

*Id.* § 107.0514(a). Only after each basic element of the social study is completed may the social study evaluator testify as to his or her opinion regarding conservatorship of a child. *See id.* § 107.0514(c).

## B. Analysis

Rodney argues that section 107.0514(c) prohibits the social study evaluator from offering an opinion on conservatorship unless each basic element listed in section 107.0514(a) has been completed, and because Ms. Elizondo failed to satisfy the fifth element of evaluating the home environment of each party seeking conservatorship of a child, his motion to strike her as the expert witness should have been granted. *See id.* § 107.0514(a)(5).[2] In his opening statement at trial, Rodney conceded that Ms. Elizondo satisfied each basic element except the home evaluation requirement; therefore, we limit our review to this element.

---

[2] Rodney also complains that the study did not meet the requirements of section 107.0514 because she "did not complete the other requirements of the Texas Family Code." Rodney's brief fails to provide any further argument or appropriate citations to the record to adequately support this broad assertion. Therefore, as to this portion of Rodney's argument, we conclude he failed to meet the requirement of Texas Rule of Appellate Procedure 38.1(i) and any error is waived. *See* TEX. R. APP. P. 38.1.

The record shows that Ms. Elizondo evaluated Rodney's home and Sara's parents' home, where Sara was residing at the time of the study. At the time of the study, Sara's new husband had been approved for a home in Killeen, located on base. Ms. Elizondo reviewed two floor plans for the Killeen home, but did not visit the home because Sara and her new husband had not physically moved yet. Ms. Elizondo included the floor plans for the Killeen home in her study.

The plain language of the statute does not require the evaluation of future residences. *See id.* In addition, Rodney cites no supporting authority for his proposition that the social study evaluator must evaluate future residences of parties seeking conservatorship. Because the record shows that Ms. Elizondo evaluated the home environments of each party seeking conservatorship of the children, as required by Texas Family Code section 107.0514(a), the study was complete and Ms. Elizondo was not prohibited from testifying. *See id.* Therefore, the trial court did not abuse its discretion by denying Rodney's motion to strike. *See Robinson*, 923 S.W.2d at 558.

### PETITIONER'S REQUEST TO AMEND PLEADINGS

In his third point of error, Rodney contends the trial court abused its discretion in denying his request to amend his pleadings. We review the trial court's denial of a motion to amend under an abuse of discretion standard. *Smith v. Heard*, 980 S.W.2d 693, 698 (Tex. App.—San Antonio 1998, pet. denied).

### A. Written Motion

Six days before trial and without leave of court, Rodney filed a written motion for continuance, and in the alternative, a motion to reinstate petition in suit. Rodney requested the court *reinstate* his cause against Sara because he "has a meritorious defense, including that there has been no change in circumstances, and therefore previously filed a nonsuit as to his [p]etition." The trial judge overruled Rodney's written motion. Because Rodney did not brief this issue on appeal, he has waived it. *See* TEX. R. APP. P. 38.1(i); *In re C.Z.B.*, 151 S. W.3d 627,

635 (Tex. App.—Sam Antonio 2004, no pet.); *see also Gamboa v. Gamboa*, 383 S.W.3d 263, 272 n. 2 (Tex. App.—San Antonio 2012, no pet.).

## B. Oral Motion

During a hearing on the day of trial, after trial had commenced, Rodney orally moved to *amend* his pleadings because Sara presented no evidence of surprise or prejudice as required by Texas Rule of Civil Procedure 63. *See* TEX. R. CIV. P. 63; *Rodriguez v. Cuellar*, 143 S.W.3d 251, 257–58 (Tex. App.—San Antonio 2004, pet. dism'd). He also argued that Rule 66 compelled the trial court to allow him to amend his pleadings. *See* TEX. R. CIV. P. 66. The trial court explained that because Rodney had nonsuited his petition, he had "no pleadings at all at this time to get relief," and thus denied Rodney's oral request to amend.

In his appellate brief, Rodney complains the trial court abused its discretion in denying his request to *amend* his pleadings six days before trial. At the hearing on Rodney's oral motion to amend his pleadings, he argued that he was entitled to amend his pleadings because Sara could not show surprise. The trial court responded that he had no live pleadings to amend, and it denied his oral motion. Rodney's argument on appeal is that the court should have permitted him to amend his pleadings. The purpose of an amendment is "to add something to, or withdraw something from, that which has been previously pleaded." *Id.* R. 62. Because Rodney nonsuited his petition, no pleading existed for him to add to or withdraw from, and Rules 63 and 66 did not apply. *See id.* Therefore, the trial court did not abuse its discretion in denying his oral motion to amend his pleadings.

## ATTORNEY'S FEES

In his final point of error, Rodney argues the trial court abused its discretion in awarding attorney's fees because the record contains no evidence as to the method of calculation. Specifically, he argues that Sara's counsel, Mr. Manka, testified that he had not generated any

billing statements and had "simply made up a figure in his head and calculated the figure in his head on the stand which was an estimate."

## A. Standard of Review

Texas Family Code section 106.002 governs attorney's fees in suits affecting the parent-child relationship. *See* TEX. FAM. CODE ANN. § 106.002; *Lenz v. Lenz*, 79 S.W.3d 10, 21 (Tex. 2002). It provides that in a suit under Title 5 of the Texas Family Code, "the court may render judgment for reasonable attorney's fees and expenses and order the judgment and postjudgment interest to be paid directly to an attorney." TEX. FAM. CODE ANN. § 106.002(a). The trial court has discretion in awarding fees under this statute. *Lenz*, 79 S.W.3d at 21; *Bruni v. Bruni*, 924 S.W.2d 366, 368 (Tex. 1996). Therefore, we review the trial court's award of attorney's fees for abuse of discretion. *See Bruni*, 924 S.W.2d at 368. We will uphold the trial court's award unless we find that the court acted "without reference to any guiding rules or principles." *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam).

## B. Applicable Law

Evidence must support any award of attorney's fees. *In re C.Z.B.*, 151 S.W.3d at 635; *Diaz v. Diaz*, 350 S.W.3d 251, 257 (Tex. App.—San Antonio 2011, pet. denied). Where the trial court receives evidence "regarding the hours spent on the case, the nature of preparation, complexity of the case, experience of the attorney, and prevailing hourly rates," there may be sufficient evidence to support an award of attorney's fees. *Goudeau v. Marquez*, 830 S.W.2d 681, 683 (Tex. App.—Houston [1st Dist.] 1992, no writ); *see In re C.Z.B.*, 151 S.W.3d at 635.

## C. Analysis

At trial, Sara offered the testimony of Mr. Manka, the attorney who represented her in this matter. Mr. Manka testified as to his forty years of experience in family law, and that he charges his clients, including Sara, $300 an hour for his services. He also testified that this rate

was a "fair and reasonable sum" in the Bexar County area for the services he provided Sara. Mr. Manka described various tasks he completed in the furtherance of Sara's case, including meeting with Sara to discuss her cause, drafting documents, conducting discovery, and attending hearings related to the case. He testified that he had worked for twenty-nine hours as of the Saturday prior to his testimony and approximately fifteen additional hours during the day of and the day before his testimony. With follow up and paper work, he estimated his time would greatly exceed fifty hours.

Based on Mr. Manka's testimony, we conclude that the evidence is sufficient to support the trial court's assessment of attorney's fees. Accordingly, we overrule Rodney's fourth point of error.

## CONCLUSION

We conclude the trial court did not abuse its discretion in denying Rodney's special exceptions, motion to strike the social study evaluator as a witness, and motion to amend his pleadings, or in awarding attorney's fees. Accordingly, we affirm the trial court's order.

Patricia O. Alvarez, Justice