**In the Interest of C.Z.B. and L.M.B., Minor Children.**

No. 04–02–00594–CV.

Court of Appeals of Texas, San Antonio.

Oct. 6, 2004.

Per A. Hardy, Law Office of Per A. Hardy, James E. Hoffman, San Antonio, for appellant.

Steven A. Sinkin, Karen L. Marvel, Law Offices of Sinkin & Barretto, P.L.L.C., San Antonio, for appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, CATHERINE STONE, Justice, PAUL W. GREEN, Justice.

## OPINION

Opinion by PAUL W. GREEN, Justice.

This case arises from a dispute over child support. In eight issues, appellant

Roger Keith Burns (Burns) complains the trial court incorrectly calculated the amount of arrearage and interest he owes to his ex-wife appellee Diane Anglin (Anglin). He also complains of the trial court's failure to grant a new trial, failure to apply the doctrine of judicial estoppel, and failure to grant a greater possession credit in his favor. Finally, Burns argues the trial court erred in awarding attorney's fees to Anglin and in failing to award attorney's fees to him. We affirm the judgment of the trial court.

## BACKGROUND

Roger Keith Burns and Diane Anglin were divorced in July of 1985. Under the terms of the divorce, Burns was ordered to pay $500 a month in child support for the couple's two children.[1] Between March 1, 1988 and April 20, 1989, Burns allegedly failed to make his child support payments. Anglin filed a motion for enforcement through the Bexar County Child Support Enforcement Office, and a Master's recommendation was issued on April 20, 1989 but never approved by the district court. Although the record indicates that Burns allegedly paid at least part of the $2550 recommended by the Master's court, there is some dispute as to exactly how much he paid and whether or not he paid any interest due on the arrears.

In July of 2001, Anglin filed a motion for cumulative judgment, seeking past due child support and medical expenses, including reimbursement for her children's past orthodontic bills. Burns counterclaimed, arguing that Anglin's suit was frivolous and requesting attorney's fees as sanctions. Following a trial, an associate judge found in favor of Anglin on the past due child support but denied any orthodontic fees, granted Anglin's motion for attorney's fees and denied Burns's request for attorney's fees. The district court followed the associate judge's recommendation, denying Anglin's request for orthodontic reimbursement but ordering Burns to pay $12,139.26 in past due child support, as well as $10,800.00 in attorney's fees. The trial court also denied Burns's request for attorney's fees. Burns now appeals the district court's decision in eight issues.

## SUFFICIENCY OF THE EVIDENCE

In his first issue, Burns argues there was insufficient evidence to support the amount of arrears awarded by the trial court. We review the award of a judgment for child support arrears under an abuse of discretion standard. *Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex.1990). When reviewing a question of legal sufficiency, we consider all of the evidence in the light most favorable to the finding, disregarding all evidence and inferences to the contrary. *Davis v. City of San Antonio,* 752 S.W.2d 518, 522 (Tex.1988). If there is more than a scintilla of evidence to support the trial court's finding, then we must uphold it. *Formosa Plastics Corp. USA v. Presidio Eng'rs and Contractors, Inc.,* 960 S.W.2d 41, 48 (Tex.1998). In reviewing a question of factual sufficiency, we consider and weigh all of the evidence presented at trial in a neutral light, setting aside the verdict only if it is so against the great weight and preponderance of the evidence as to be manifestly unjust. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986).

At trial, Anglin had the burden of establishing the dollar amount of arrears owed by Burns. TEX. FAM.CODE ANN. § 157.162 (Vernon 2002); *see Curtis v. Curtis,* 11 S.W.3d 466, 472 (Tex.App.-Tyler 2000, no pet.); *Buzbee v. Buzbee,* 870 S.W.2d 335, 339 (Tex.App.-Waco 1994, no writ). She presented evidence of all child

---

**1.** This amount was increased to $700 a month in December of 1987.

support payments due from and paid by Burns by introducing the court orders setting forth Burns's child support obligations, as well as his child support payment history from the Bexar County Child Support Registry and the State Case Disbursement Records. According to the divorce decree, Burns was required to pay $500 a month beginning on August 1, 1985. In addition, under the terms of the decree, Burns was to provide medical and dental insurance for his two children. The decree was later modified, mandating that Burns pay $700 a month from December 1, 1986 until the couple's son reached 18, at which point he was to pay Anglin $550 a month until their daughter reached 18. Using the County's records, as well as her own recollection of payments made, Anglin and the Bexar County Child Support Collection Office compiled a chart which listed payments due, dates payments were made and the total arrears, including interest. Burns did not object to the introduction of this evidence as a general summary of what was owed and what had been paid.[2] The total amount of arrears and interest as contemplated by these records was $26,838.45, giving Burns one month's credit for the period of time when the couple's son lived with him.

Once Anglin presented evidence establishing the amount of child support she believed was still owed her by Burns, the burden shifted to him, as the obligor, to show any amount claimed as an offset against the arrearage. *Buzbee*, 870 S.W.2d at 341. At trial, Burns introduced several affidavits signed by Anglin, one of which stated the amount of arrears owed in November of 1988 was $2500. The other affidavits listed the amount of arrears owed in 1988 and 1989. He testified that he had paid the original $2500 per the Master's Recommendation by paying a $350 lump sum and an additional $100 a month in child support for the next two years. Burns also testified that his son had lived with him for ten months, not the one month claimed by Anglin, and argued that he was entitled to a $700 credit for each of the ten months. In addition, he presented testimony regarding expenditures made for his son, including a truck and a horse, as well as rodeo fees and living costs for the ten months his son allegedly lived with him. Burns, however, failed to present any documentation showing payments in addition to those listed on the Bexar County Child Support Registry's list. After trial but before the associate judge entered his recommendation, Burns filed a motion for new trial with several additional checks. Although the court denied the motion as premature, it first held a hearing and gave Burns credit in the amount of $2550 for a number of the "new" checks.[3]

Anglin's evidence showed that Burns owed her almost $27,000 in child support and interest. Burns's testimony, on the other hand, advocated a zero balance. Following the trial and the filing of Burns's motion to reconsider, which included the checks not considered in Anglin's original calculations, the trial court found Burns to owe past due child support in the amount of $5,842. The court found the

---

2. Burns did, however, object to the chart's calculation of interest. The court sustained his objection, but only as to the interest as calculated by the County's chart. The exhibit was admitted as a summary of Anglin's testimony as to what she believed were the due dates, amounts due, payment dates, payments made, and total arrears.

3. Although the court gave Burns credit for six of the checks he attached to his motion for new trial, it found that three other checks had already been credited to the total amount of paid child support.

total amount Burns owed to be $12,139.26 in arrears and interest after all credits and offsets. Considering all of the evidence in the light most favorable to the finding and disregarding all evidence and inferences to the contrary, we hold there is more than a scintilla of evidence to support the trial court's finding which is within the range of arrears set forth by the parties' evidence. *Formosa Plastics Corp.*, 960 S.W.2d at 48; *Davis*, 752 S.W.2d at 522. In addition, we hold the evidence is factually sufficient. Viewing the evidence in a neutral light, the court's ruling is not so against the great weight of the evidence as to be manifestly unjust. *Cain*, 709 S.W.2d at 176. Therefore, we overrule Burns's first issue.

## MOTION FOR NEW TRIAL

In his second issue, Burns contends the trial court erred in failing to grant his motion for new trial. Burns specifically argues the trial court should have granted his motion for new trial based on "newly discovered evidence of canceled checks showing child support payments for which [he] was not given credit." He contends that the existence of these cancelled checks refutes Anglin's testimony that the list she compiled and introduced into evidence at trial contained all child support payments made by Burns.

Burns first filed his motion for new trial prior to the court's final decision. As stated above, although the court gave Burns credit for six out of the nine "new" checks produced, it found his motion to be premature. Burns refiled the same motion after the court rendered its judgment. It is the denial of this second motion which Burns now appeals.

■ A party seeking a new trial on grounds of newly discovered evidence must show the trial court that: (1) the evidence has come to his knowledge since the trial; (2) it was not owing to the want of due diligence that it did not come sooner; (3) it is not cumulative; and (4) it is so material that it would probably produce a different result if a new trial were granted. *Jackson v. Van Winkle*, 660 S.W.2d 807, 809 (Tex.1983), overruled on other grounds by *Moritz v. Preiss*, 121 S.W.3d 715 (Tex. 2003); *In re M.A.N.M.*, 75 S.W.3d 73, 80 (Tex.App.-San Antonio 2002, no pet.). Whether a motion for new trial on the ground of newly discovered evidence will be granted or refused is generally a matter left to the sound discretion of the trial court, and the trial court's action will not be disturbed on appeal absent an abuse of such discretion. *Jackson*, 660 S.W.2d at 809; *In re M.A.N.M.*, 75 S.W.3d at 80. In deciding whether to grant or deny a motion for new trial based on newly discovered evidence, the court will take into consideration the weight and the importance of the new evidence and its bearing in connection with the evidence received at trial. *Jackson*, 660 S.W.2d at 809.

■ Even if we assume that the evidence of which Burns complains meets the standard necessary for a new trial, we cannot find the trial court abused its discretion in denying Burns's motion. Burns's contention that he presents new evidence in his post-judgment motion is belied by the record. The court considered Burns's new evidence prior to making its final ruling, specifically making a finding as to which checks were to be added to Burn's total child support paid and which had already been credited to him. In addition, Burns's arguments regarding the validity of Anglin's testimony are a matter solely within the purview of the court as the trier of fact. *See Texas Dept. of Mental Health & Mental Retardation v. Rodriguez*, 63 S.W.3d 475, 480 (Tex.App.-San Antonio 2001, pet. denied).

Because the court has already reviewed what Burns terms as new evidence, we

hold it did not abuse its discretion in denying his motion for new trial. We overrule Burns's second issue.

## JUDICIAL ESTOPPEL

In his third issue, Burns contends the trial court erred in failing to apply the doctrine of judicial estoppel to exclude evidence he claims was contrary to Anglin's prior sworn pleadings and affidavits. Judicial estoppel, argues Burns, would have excluded Anglin's exhibit C, her primary evidence of child support paid and arrears owed.

 Judicial estoppel is a common law principle which precludes a party from asserting a position in a legal proceeding inconsistent with a position taken by that party in the same or a prior litigation. *Andrews v. Diamond, Rash, Leslie & Smith,* 959 S.W.2d 646, 649 (Tex.App.-El Paso 1997, writ denied). The doctrine is designed to protect the integrity of the judicial process by preventing a party from "playing fast and loose" with the courts to suit its own purposes. *Id.* (citing *In re Phillips,* 124 B.R. 712, 720 (Bkrtcy. W.D.Tex.1991)). Judicial estoppel most clearly applies where a party attempts to contradict its own sworn statements made in prior litigation. *General Agents Ins. Co. of Am. v. Home Ins. Co. of Ill.,* 21 S.W.3d 419, 427 (Tex.App.-San Antonio 2000, pet. dism'd by agmt.).

 In spite of his claims on appeal, Burns failed to object to the admission of exhibit C, the evidence on which his judicial estoppel complaint is based, at trial. Although his attorney objected to the admission of the evidence as to its calculation and totaling of interest, the exhibit was specifically admitted without objection for the purpose of establishing what Anglin believed to be "child support payments received and child support payments due." Under the rules of appellate procedure, in order to preserve error for appellate review, an appellant must make a timely objection, state the grounds for the objection, and secure a ruling on the record from the trial court. Tex.R.App. P. 33.1. Burns failed to do so. Even if we assume that his objection as to the interest calculations was sufficient to preserve error under the appellate rules, grounds for evidentiary objections given at the trial level may not be enlarged on appeal to include grounds not asserted. *Bohanan v. Hans,* 26 Tex. 445, 452 (1863); *Motor 9, Inc. v. World Tire Corp.,* 651 S.W.2d 296, (Tex. App.-Amarillo 1983, writ ref'd n.r.e.). Because Burns did not object to the admission of Exhibit C as a whole or raise the issue of judicial estoppel at trial, he has waived this issue on appeal. We overrule Burns's third issue.

## POSSESSION CREDIT

 In his fourth issue, Burns argues the trial court erred in failing to give him what he terms as "full credit" for the support he provided during the ten months his son allegedly lived with him. Specifically, he contends the evidence was insufficient to support the trial court's grant of $200 a month as opposed to his requested $700 a month credit. The Texas Family Code provides that an obligor may plead as an affirmative defense to a motion for enforcement of child support that the obligee voluntarily relinquished to the obligor actual possession and control of a child. Tex. Fam.Code Ann. § 157.008(a)(Vernon 2002). In addition, any obligor who has provided actual support to the child during a time subject to an affirmative defense may request reimbursement for that support as a counterclaim or offset against the claim of the obligee. *Id.* at 157.008(d). To receive a credit against an arrearage based on the defense of voluntary relinquishment, the obligor must provide the court

with some evidence of his expenditures on the child. *Curtis*, 11 S.W.3d at 472.

■ In the case at hand, Anglin argued that her teenage son lived with Burns for a time period of one month to five months while Burns contended that the boy lived with him for ten months. In addition, Burns presented the court with testimony regarding some of the expenditures resulting from his son living with him, including a horse, a truck, and rodeo entry fees. He also stated that he spent in excess of his monthly $700 child support payment in caring for his son. He did not, however, testify as to a specific amount or produce evidence showing the amount spent. In addition, there was no testimony regarding whether the child's living with Burns was voluntarily agreed to by Anglin. At the close of the testimony, the trial court found that the couple's son had resided with Burns for ten months and granted him a credit of $200 a month instead of his requested monthly credit of $700.

Because there is no evidence in the record regarding the amounts that Burns actually spent in support of the child during the period of claimed possession, the evidence is insufficient to show that he was entitled to a $700 a month credit for the time his son lived with him. The trial court did not err in granting Burns $200 of credit for each month he was in possession of the child. We overrule his fourth issue.[4]

### ANGLIN'S ATTORNEY'S FEES

■ In his fifth, sixth, and seventh issues, Burns challenges the trial court's award of attorney's fees to Anglin. In issue five, Burns claims the evidence presented at trial was insufficient to support the court's award. The decision to grant or deny an award of attorney's fees and costs is within the sound discretion of the trial court. *Oake v. Collin County*, 692 S.W.2d 454, 455 (Tex.1985); *Knighton v. International Business Machines Corp.*, 856 S.W.2d 206, 210 (Tex.App.-Houston [1st Dist.] 1993, writ denied). The award will be upheld unless we find the trial court's actions to have been arbitrary and unreasonable. *Oake*, 692 S.W.2d at 455.

■ The prevailing party in a suit may recover costs from the opposing party under the Texas Rules of Civil Procedure. TEX.R. CIV. P. 131. A party seeking attorney's fees must establish a contractual or statutory ground for the award. *Henry v. Insurance Co. of N. Am.*, 879 S.W.2d 366, 368 (Tex.App.-Houston [14th Dist.] 1994, no writ); *State v. Estate of Brown*, 802 S.W.2d 898, 901 (Tex.App.-San Antonio 1991, no writ). Under the Family Code, the trial court has broad discretion in awarding attorney's fees and costs, particularly in matters pertaining to the parent-child relationship. TEX. FAM.CODE ANN. § 106.002 (Vernon 2002); *Bruni v. Bruni*, 924 S.W.2d 366, 368 (Tex.1996). In a child support case, if the trial court finds the respondent has failed to make child support payments, the court shall order the respondent to pay the movant's reasonable attorney's fees and all court costs in addition to arrearages. TEX. FAM.CODE ANN. § 157.167 (Vernon 2002). The court may waive the requirement that the respondent pay these costs if it states the reasons supporting its finding. *Id.* If no such finding is made, then attorney's fees and costs must be imposed on the respondent. *Gross v. Gross*, 808 S.W.2d 215, 222 (Tex. App.-Houston [14th Dist.] 1991, no writ).

---

**4.** Although Anglin asks this court to consider the lack of evidence of an exact amount and eliminate any possession credit granted to Burns, she has failed to file a notice of counter appeal. As such, she presents nothing for appellate review.

 Any award of attorney's fees must be supported by evidence. *Thomas v. Thomas*, 895 S.W.2d 895, 898 (Tex.App.-Waco 1995, writ denied). To support an award of reasonable costs, testimony should be presented regarding the number of hours spent on the case, the nature of the preparation, the complexity of the case, the experience of the attorney, and the prevailing hourly rates. *Goudeau v. Marquez*, 830 S.W.2d 681, 683 (Tex.App.-Houston [1st Dist.] 1992, no writ). At trial, Anglin presented the testimony of Karen Marvel, an attorney with the firm that represented Anglin in this matter. Marvel testified as to her experience in matters relating to child support, the amount charged by the firm for her time, as well as the time of her co-counsel, and the amount of time spent in preparation and trial of the case. She also briefly described the type work done on the case and stated that the time spent was reasonable and necessary to the resolution of the case, coming to the conclusion that at least $10,800 had been expended during the course of the litigation.[5] Based on this testimony and the accompanying exhibit, we hold the evidence is sufficient to support the court's finding for attorney's fees and costs. Thus, we overrule Burns's fifth issue.

 In issue six, Burns challenges the award as being unreasonable and excessive because Anglin did not prevail on claims regarding "health insurance coverage, orthodontic bills, and the amount of alleged arrears." Under Texas Rule of Appellate Procedure 38.1(h), an appellate brief must contain clear and concise argument for the contentions made, along with citations to appropriate authorities. Tex.R.App. P. 38.1(h). Burns's brief does not contain any authority in support of his argument regarding unreasonable and excessive attorney's fees for the above claims. Therefore, we overrule Burns's sixth issue.

In his seventh issue, Burns contends the trial court erred in awarding Anglin attorney's fees for time expended on motions and hearings, which he claims was "specifically" denied during a pre-trial hearing. Although the trial court initially denied any award of attorney's fees at the time of the pre-trial hearings, no all-encompassing ruling was made regarding a later award of cumulative attorney's fees. As stated above, the decision to grant or deny attorney's fees and costs is well within the trial court's discretion. *Oake*, 692 S.W.2d at 455. Absent an abuse of discretion, we will affirm the trial court's decision. *Id.* We overrule Burns's seventh issue.

### Burns's Attorney's Fees

In his eighth and final issue, Burns argues the trial court erred in concluding that he was not entitled to attorney's fees as a matter of law. Burns contends that he should have been awarded attorney's fees for his defense against Anglin's "unfounded medical and dental insurance claims" under Texas Rule of Civil Procedure 13 and Texas Civil Practice and Remedies Code sections 9.011 and 9.012[6]. Although Burns complains of the court's failure to award attorney's fees, his issue appears to actually be contesting the trial court's failure to find Anglin's claims frivolous and to impose sanctions on her.

5. Marvel testified that the firm had accumulated $10,800 in attorney's fees as of the date of trial. That number, however, did not include an additional 6.5 hours in trial or an additional 3.5 hours spent in preparation for the continuation of trial. According to exhibit D–1, the additional hourly fees brought Anglin's total attorney's fees to $13,550.

6. Burn's answer to Anglin's motion asks the court to impose sanctions for a frivolous action without citing authority for his request.

Burns's brief asserts there was no basis in law or fact for Anglin's claims regarding the arrearage, the medical expenses, and the dental expenses and that the evidence is "uncontroverted" that he "always" provided medical and dental insurance for his children.

We review a trial court's award or denial of sanctions under an abuse of discretion standard. *Herring v. Welborn*, 27 S.W.3d 132, 143 (Tex.App.-San Antonio 2000, pet. denied). We may find a trial court to have abused its discretion only when the court has acted arbitrarily and unreasonably, without reference to guiding rules or principles or has misapplied the law to the established facts of the case. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). In deciding whether the denial of sanctions constitutes an abuse of discretion, we examine the entire record, including the findings of fact and conclusions of law, reviewing the conflicting evidence in the light most favorable to the trial court's ruling and drawing all reasonable inferences in favor of the court's judgment. *Herring*, 27 S.W.3d at 143; *McCain v. NME Hosps., Inc.*, 856 S.W.2d 751, 756 (Tex.App.-Dallas 1993, no writ).

Under the Texas Civil Practice and Remedies Code, the signing of a pleading as required by the Texas Rules of Civil Procedure constitutes a certificate by the signatory that to the signatory's best knowledge, information, and belief, formed after a reasonable inquiry, the pleading is not: (1) groundless and brought in bad faith; (2) groundless and brought for the purpose of harassment; or (3) groundless and interposed for any improper purpose. TEX. CIV. PRAC. & REM.CODE ANN. § 9.011(Vernon 2002); TEX.R. CIV. P. 13. The Texas Rules of Civil Procedure define "groundless" as having no basis in law or fact and not warranted by good faith argu- ment. TEX.R. CIV. P. 13. The Code also provides that the trial court may, at the trial or at any hearing inquiring into the facts and law of the action, determine if a pleading has been signed in violation of any one of the standards prescribed by section 9.011. TEX. CIV. PRAC. & REM.CODE ANN. § 9.012 (Vernon 2002).

In his response to Anglin's second amended motion for cumulative judgment of child support arrears, Burns asks the trial court to award attorney's fees to him through the imposition of sanctions on his ex-wife and her attorneys for submitting "misleading and inaccurate statements," claiming the motion was filed in bad faith and solely for harassment. His request was therefore predicated on the court finding Anglin's claims frivolous. The trial court failed to find Anglin's claims to be frivolous or unfounded in its findings of fact and conclusions of law; in fact, the court failed to address the claims' frivolity at all, instead simply stating that Burns was "not entitled to attorney's fees as a matter of law for his failure to pay child support as ordered...."

At trial, Anglin introduced evidence, as described above, regarding the amount of arrears she believed to be owed her by Burns. She also introduced evidence showing that, under the terms of the divorce decree, Burns was responsible for providing medical and dental insurance for his children. Anglin argued that Burns had been remiss in failing to provide dental insurance for his children, lumping dental expenses under the general medical category and introducing evidence of orthodontic bills she had to pay and a copy of an insurance policy which failed to provide dental coverage to Burns and his family, including the couple's two children. The trial court ultimately found the evidence to be unpersuasive and denied Anglin's request for enforcement of orthodontic bills,

at the same time denying Burns's request for attorney's fees.

Because Anglin introduced evidence supporting her claims for medical and dental expenses at trial, the trial court did not abuse its discretion in failing to impose sanctions for a groundless pleading. We overrule Burns's final issue.

