PENINSULA ASSET MANAGEMENT V. HANKOOK TIRE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-04-254-CV

PENINSULA ASSET MANAGEMENT APPELLANTS

(CAYMAN) LTD. AND KAREN CHONGAH HAN 

V.

HANKOOK TIRE CO., LTD. APPELLEE

------------

FROM THE 153RD
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

In four issues, Appellants Peninsula Asset Management (Cayman) Ltd. and Karen Chongah Han appeal an order sustaining the special appearance of Appellee Hankook Tire Co., Ltd. (Hankook), a Korean corporation, and the denial of Appellants’ motions for sanctions.  We affirm.

II. Background

In October 2002, Appellants sued Yang-Rai Cho, Hankook, and Ocean Capital Investment (L) Limited.  In November 2002, Hankook filed a special appearance, objecting to the trial court’s personal jurisdiction.  The trial court held an evidentiary hearing on the special appearance motion in May 2004, sustained Hankook’s special appearance, and taxed all costs against Appellants.  The trial court made extensive findings of fact and conclusions of law, negating all bases for personal jurisdiction over Hankook in Texas. 

III. Issues Presented

Appellants do not challenge any of the trial court’s findings of fact, nor do they contend that the court erred by finding that Texas does not have personal jurisdiction over Hankook.  In their first two issues, Appellants contend that Hankook waived its special appearance and submitted to the trial court’s jurisdiction.  
In their third issue, Appellants contend that the trial court abused its discretion when it taxed costs against them because their cause of action against Hankook was dismissed rather than adjudicated on the merits and, therefore, Hankook was not the successful party.  
In their fourth issue, Appellants contend that the trial court abused its discretion by denying their motions for sanctions. 

IV. Waiver of Special Appearance

An objection to a Texas court’s exercise of jurisdiction over a nonresident must be made by a special appearance filed under Texas Rule of Civil Procedure 120a.  
Tex. R. Civ. P.
 120a;
 Silbaugh v. Ramirez
, 126 S.W.3d 88, 92-93 (Tex. App.—Houston [1st
 Dist.] 2002, no pet.)
.  Rule 120a states that “[e]very appearance, prior to judgment, not in compliance with this rule is a general appearance.”  
Tex. R. Civ. P.
 120a.  The Texas Supreme Court provided guidance as to what constitutes a general appearance in 
Dawson-Austin v. Austin
, 968 S.W.2d 319, 322 (Tex. 1998), 
cert. denied
, 525 U.S. 1067 (1999).
 
 
The supreme court held that a party enters a general appearance when it (1) invokes the judgment of the court on any question other than the court’s jurisdiction, (2) recognizes by its acts that an action is properly pending, or (3) seeks affirmative action from the court.  
Id
.; 
see Exito Elecs. Co. v. Trejo
, 142 S.W.3d 302, 304 (Tex. 2004).

Appellants argue in their first issue that Hankook sought affirmative relief from the court, thereby making a general appearance, by filing numerous motions to compel, motions to quash, and motions for protection; by setting and participating in hearings on such motions; and by obtaining rulings from the trial court on such motions before the trial court sustained Hankook’s special appearance.  
Although Appellants state that “Hankook’s conduct taken as a whole was utterly inconsistent with its assertion that the trial court lacked jurisdiction and amounted to a general appearance,” Appellants direct our attention specifically only to Hankook’s filing of the motion to compel the deposition of Karen Han, one of the named plaintiffs in this case.  Appellants contend that Hankook sought to depose Han on the merits as to matters unrelated to Hankook’s special appearance and that this alone was sufficient to amount to a general appearance.  

Han, one of the named plaintiffs, was a Texas resident and one of the principals of Peninsula.  Appellants indicated that Hankook knew that it was dealing with her as a Texas resident so as to subject itself to specific jurisdiction.  Thus, in March 2003, Appellants’ counsel agreed to make Karen Han and No Joon Park available for deposition.  In a letter dated December 9, 2003, however, Appellants’ counsel stated that Park was “prepared to testify about evidence he has gathered concerning Hankook Tire’s business activities in the State of Texas,” but that they had not designated Han as a witness for the special appearance hearing “because she does not have any additional knowledge concerning facts that are relevant to general jurisdiction.”  In response, Hankook stated in a letter dated December 19, 2003:  “If, as you indicate in your letter, you will not be presenting any evidence of specific jurisdiction and if Ms. Han has no knowledge concerning facts that are relevant to specific or general jurisdiction, we agree with you that there is no need to take her deposition at this time.”  In January 2004, Hankook deposed Park. Then, in a letter dated February 17, 2004, Hankook’s counsel stated:

Additionally Mr. Park, as was apparent from the taking of his deposition and contrary to what was represented to us, clearly has no personal knowledge concerning any “continuous and systematic” contacts of Hankook Tire Co., Ltd. with Texas that was not based on pure speculation.  Consequently, it will be necessary to take the deposition of Ms. Han as a plaintiff in this case.  
We will assume that Ms. Han will also be able to offer testimony on behalf of Peninsula Asset Management (Cayman), Ltd. relating to its knowledge of any and all alleged “continuous and systematic” contacts of Hankook Tire Co., Ltd. with Texas.  
Based upon Mr. Park’s deposition, Ms. Han is the only remaining employee, officer, and/or director of Peninsula.  [Emphasis added.]

Hankook never took Han’s deposition. 
 

The trial court’s fourth conclusion of law 
(footnote: 2) states:  “Subsequent to the filing of the Special Appearance, the parties used discovery processes, including hearings on discovery issues, without waiving the Special Appearance.”  We review a trial court’s actual or implied conclusions of law 
de novo
.  
See, e.g.
, 
Mayhew v. Town of Sunnyvale
, 964 S.W.2d 922, 928 (Tex. 1998), 
cert. denied
, 526 U.S. 1144 (1999) (applying de novo standard to question of subject matter jurisdiction); 
Michel v. Rocket Eng’g Corp.
, 45 S.W.3d 658, 667 (Tex. App.—Fort Worth 2001, no pet.) (holding that “[w]e review all questions of law de novo”).  A trial court’s conclusion of law will not be reversed unless it is erroneous as a matter of law.  
Arch Petroleum, Inc. v. Sharp
, 958 S.W.2d 475, 477 (Tex. App.—Austin 1997, no pet.).  Conclusions of law will be upheld on appeal if the judgment can be sustained on any legal theory supported by the evidence.  
Copeland v. Alsobrook
, 3 S.W.3d 598, 604 (Tex. App.—San Antonio 1999, pet. denied).

Rule 120a states:  “The issuance of process for witnesses, the taking of depositions, the serving of requests for admissions, and the use of discovery processes, shall not constitute a waiver of such special appearance.”  
Tex. R. Civ. P.
 120a(1).  Rule 120a also states that the court shall determine the special appearance in part on the basis of “the results of discovery processes.”  
Tex. R. Civ. P.
 120a(3)
; Exito Elecs. Co.
, 142 S.W.3d at 307.  Furthermore, in 
Exito Elecs. Co.
, the supreme court stated:  

It is simply illogical to allow the parties to engage in relevant discovery, which can be a vital part of resolving a special appearance, but prohibit the nonresident defendant from seeking the trial court’s ruling on disputes that may affect the evidence presented at the special appearance hearing.  And applying the 
Dawson-Austin 
framework, a nonresident defendant’s participation in the trial court’s resolution of such discovery matters does not amount to a recognition that the action is properly pending or a request for affirmative relief inconsistent with the jurisdictional challenge.  We therefore hold that a trial court’s resolution of discovery matters related to the special appearance does not amount to a general appearance by the party contesting personal jurisdiction.

142 
S.W.3d at
 307.
 

Appellants have not shown how Hankook’s attempts to take Han’s deposition went beyond matters pertaining to the special appearance, nor has our review of the record revealed that Hankook engaged in discovery unrelated to the special appearance with regard to Han’s deposition.  
Furthermore, we note that several of our sister courts have held that even if a defendant’s discovery is unrelated to the special appearance and involves the merits of the case, he has not waived his special appearance.
(footnote: 3)  
See, e.g.
, 
Silbaugh
, 126 S.W.3d at 93
; 
Minucci
, 14 S.W.3d at 801
; 
Case
, 31 S.W.3d at 311
.
 

Moreover,
 although Appellants contend that “the matter of Han’s deposition” is just one of the many discovery matters for which Hankook sought affirmative relief from the trial court, they do nothing more than summarily state this issue, without citing to the record or providing substantive analysis regarding other discovery matters.  Therefore, we conclude that they have failed to preserve the argument for review.  
Tex. R. App. P.
 38.1(h); 
see Keever v. Finlan
, 988 S.W.2d 300, 314 (Tex. App.—Dallas 1999, pet. dism’d); 
Tacon Mech. Contractors, Inc. v. Grant Sheet Metal, Inc.
, 889 S.W.2d 666, 671 (Tex. App.—Houston [14th
 Dist.] 1994, writ denied).

We hold that Hankook did not seek affirmative relief from the court, thereby waiving its special appearance and submitting to the trial court’s jurisdiction, by filing motions related to the special appearance, by setting and participating in hearings on such motions, and by obtaining rulings from the trial court on such motions.  We overrule Appellants’ first issue.

We next address Appellants’ second issue, contending that Hankook waived its special appearance by delaying the special appearance hearing for over eighteen months while it filed and participated in the determination of numerous motions.  Appellants argue that Hankook’s conduct was “clearly inconsistent with its assertion that the lawsuit was not properly pending.” 

Rule 120(a) requires the court to hold a hearing on a special appearance motion before holding a hearing on a motion to transfer venue or any other plea or pleading.  
Tex. R. Civ. P.
 120a(2).  But the rule does not require that a hearing on a special appearance be held by a specific time.  
See id
.; 
see also Fountain v. Burklund
, No. 03-01-00380-CV, 2001 WL 1584011, at *4 (Tex. App.—Austin Dec. 13, 2001, pet. denied) (not designated for publication) (holding that appellee did not waive his special appearance motion by waiting more than two years after filing the motion to request a hearing on the special appearance); 
Robertson v. Hensel Phelps Constr. Co.
, No. 01-98-01338-CV, 1999 WL 233599, at *1 (Tex. App.—Houston [1st
 Dist.] Apr. 22, 1999, no pet.) (not designated for publication) (holding that the trial court as a matter of law could not have denied appellant’s special appearance based on his delay in requesting a hearing and presenting his motion)
. 
 Therefore, we hold that Hankook did not waive its special appearance by delaying the special appearance hearing
. 
 We overrule Appellants’ second issue.

V. Costs

In their third issue, Appellants contend that the trial court abused its discretion when it taxed costs against them because their cause of action against Hankook was dismissed rather than adjudicated on the merits and, therefore, Hankook was not the successful party.  

Texas Rule of Civil Procedure 131 states:  “The successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided.”  
Tex. R. Civ. P.
 131.  The underlying purpose of rule 131 is to ensure that the prevailing party is freed of the burden of court costs and that the losing party pays those costs.  
Furr’s Supermarkets, Inc. v. Bethune
, 53 S.W.3d 375, 378 (Tex. 2001).  

Taxing costs against a successful party in the trial court, therefore, generally contravenes rule 131.  
Id
. at 376.  The trial court may adjudge the prevailing party’s costs against it only on a showing of “good cause.”  
Id
. at 376-77; 
see 
Tex. R. Civ. P.
 141.  Typically though, “good cause” is shown only if the prevailing party unnecessarily prolonged the proceedings, unreasonably increased the costs, or otherwise did something that should be penalized.  
Furr’s Supermarkets, Inc.
, 53 S.W.3d at 377.

 Here, the sustaining of Hankook’s special appearance made Hankook the successful party to this suit.  
See Dear v. City of Irving
, 902 S.W.2d 731, 739 (Tex. App.—Austin 1995, writ denied) (“Under the definition of successful party adopted in the cases construing Rule 131, a prevailing party is one who is vindicated by the judgments rendered.”); 
Am. Veterans, Dep’t of Tex. v. City of Austin
, No. 03-03-00762-CV, 2005 WL 3440786, at *5 (Tex. App.—Austin Dec. 15, 2005, no pet.) (stating that the grant of appellees’ pleas to the jurisdiction made them the successful parties to the suit).  Therefore, we hold that the trial court did not err when it taxed costs against Appellants.  We overrule Appellants’ third issue.

VI. Denial of Sanctions

In their fourth issue, Appellants contend that the trial court abused its discretion by denying their motions for sanctions. 

We review a trial court’s ruling on a motion for sanctions under an abuse of discretion standard.  
Cire v. Cummings
, 134 S.W.3d 835, 838 (Tex. 2004); 
Bodnow Corp. v. City of Hondo
, 721 S.W.2d 839,
 
840 (Tex. 1986).  To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable.  
Downer v. Aquamarine Operators, Inc.
, 701 S.W.2d 238, 241-42 (Tex. 1985), 
cert. denied
, 476 U.S. 1159 (1986).  Merely because a trial court may decide a matter within its discretion in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred.  
Id.
 at 242.

An abuse of discretion does not occur where the trial court bases its decisions on conflicting evidence.  
Davis v. Huey
, 571 S.W.2d 859, 862 (Tex. 1978)
; see also Goode v. Shoukfeh
, 943 S.W.2d 441, 446 (Tex. 1997).  Furthermore, an abuse of discretion does not occur as long as some evidence of substantive and probative character exists to support the trial court’s decision.  
Butnaru v. Ford Motor Co.
, 84 S.W.3d 198, 211 (Tex. 2002).
  
We examine the entire record, including the findings of fact and conclusions of law, to determine whether the denial of sanctions constitutes an abuse of discretion. 
 In re C.Z.B.
, 151 S.W.3d 627, 636 (Tex. App.—San Antonio 2004, no pet.); 
cf. Law Offices of Windle Turley, P.C. v. French
, 164 S.W.3d 487, 490-91 (Tex. App.—Dallas 2005, no pet.)
.
 
 

In Appellants’ brief, they 
summarily state that the trial court abused its discretion by refusing to award sanctions for Hankook’s conduct on several occasions; however, Appellants do not cite to the record or provide substantive analysis to support their argument
.
  Furthermore, having reviewed the record, we conclude that the trial court did not act without reference to any guiding rules or principles or without any evidence of substantive and probative character to support its decision.  
See Butnaru
, 84 S.W.3d at 211
; Downer
, 701 S.W.2d at 241-42
.  Therefore, we hold that the trial court did not abuse its discretion 
by denying Appellants’ motions for sanctions.  
We overrule Appellants’ fourth issue.

VII. Conclusion

Having overruled all of Appellants’ issues, we affirm the trial court’s order sustaining Hankook’s special appearance and the denial of Appellants’ motions for sanctions.

ANNE GARDNER

JUSTICE

PANEL A: HOLMAN, GARDNER, and MCCOY, JJ.

DELIVERED:  April 20, 2006

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
In their brief, Appellants complain that the trial court’s third conclusion of law is “contrary to law and clearly erroneous” because it provides that the parties may freely engage in discovery without waiving the special appearance, even if the discovery is unrelated to the special appearance.  However, the court’s third conclusion of law actually states that the assumption of jurisdiction over Hankook would offend traditional notions of fair play and substantial justice.  It appears that Appellants are really complaining about the court’s fourth conclusion of law, which addresses the parties’ use of the discovery processes. 

3:
The courts declined to follow the dicta in 
Dawson-Austin
, interpreting rule 120a as limiting discovery to facts relevant to the special appearance.  
See Silbaugh
, 126 S.W.3d at 93; 
Minucci v. Sogevalor, S.A.
, 14 S.W.3d 790, 801 (Tex. App.—Houston [1st
 Dist.] 2000, no pet.)
; 
see also Dawson-Austin
, 968 S.W.2d at 323-24.
  
Instead, the courts relied on the plain language of the statute, which states that the use of the discovery process is not a waiver of a previously filed special appearance.  
See 
Tex. R. Civ. P.
 120a(1); 
Silbaugh
, 126 S.W.3d at 93; 
Minucci
, 14 S.W.3d at 801; 
Case v. Grammar
, 31 S.W.3d 304, 311 (Tex. App.—San Antonio 2000, no pet.), 
disapproved of on other grounds
 
by
 
BMC Software Belgium, N.V. v. Marchand
, 83 S.W.3d 789 (Tex. 2002)
.