**In the Interest of L.A.F., C.D.F. and N.C.F., Children.**

No. 05–07–00051–CV.

Court of Appeals of Texas, Dallas.

Nov. 10, 2008.

Rehearing Overruled Dec. 23, 2008.

Jimmy L. Verner, Jr., Verner & Brumley, Dallas, for Appellant.

Brian S. Loughmiller, Loughmiller & Higgins, McKinney, for Appellee.

Before Justices WHITTINGTON, BRIDGES, and FRANCIS.

## OPINION

Opinion by Justice BRIDGES.

Appellant Christopher Fess appeals from the trial court's Order in Suit to Modify Parent–Child Relationship. We affirm the judgment of the trial court.

## Background

Appellant and appellee are the parents of three children. Appellant and appellee were living in Arkansas when they decided to divorce and engaged in mediation as a part of their divorce proceedings. During mediation, they reduced their agreement to writing and signed it on January 9, 2003. Appellant and appellee were divorced by an executed divorce decree on June 16, 2003. Upon signing the divorce decree, the court approved the mediation agreement and adopted it "as its order herein."

The mediation agreement required appellant to pay child support and spousal support totaling $5,550 per month with $3,000 in child support and $2,550 in spousal support. Appellee later informed appellant that she was moving to Texas, and appellant decided to also move to Texas. Appellee contends that in 2003 and 2004, without seeking approval from the court, appellant did not pay some and reduced others of his support payments.

Appellant asserts that because his income decreased upon his move to Texas and he had to begin his business anew, his support obligations also decreased under the terms of the mediation agreement. Appellee filed suit to modify the Arkansas divorce decree in December of 2004 and requested appellant be cited for contempt of court for failing to pay his monthly support obligations from the time the parties had moved to Texas. The trial court awarded appellee a judgment of $18,200.00 plus interest for past-due spousal support and $36,855.60 plus interest for past due child support. The trial court also awarded appellee a judgment of $53,567.50 plus interest for attorney's fees, expenses and costs. This appeal ensued.

## Discussion

Appellant raises six issues on appeal. First, appellant contends the trial court erred by granting a judgment for child support arrearages for the years 2003 and 2004 because the trial court incorrectly concluded appellant unilaterally reduced his child support obligation after appellee moved to Dallas. Next, appellant argues there was no evidence, or insufficient evidence, to support the trial court's findings of fact numbered 12, 13, 14, and 16 upon which the trial court based its award of child support arrearages. Third, appellant contends the trial court erred in granting a judgment for spousal support arrearages for the years 2003 and 2004 because the trial court incorrectly concluded that appellant had unilaterally reduced his spousal support obligations after appellee moved to Dallas. In his fourth issue, appellant contends there was no evidence, or insufficient evidence, to support findings of fact numbered 10, 11, and 16 upon which the trial court based its award of spousal support arrearages. Issue five challenges the award of attorneys' fees and costs. In his final issue, appellant challenges the trial court's finding of fact number 17 upon which the court based its award of attorneys' fees and costs.

A trial court's award of arrearages are reviewed under an abuse of discretion standard. *Beck v. Walker*, 154 S.W.3d

895, 901 (Tex.App.-Dallas 2005, no pet.); *Attorney General of Texas v. Stevens*, 84 S.W.3d 720, 722 (Tex.App.-Houston [1st Dist.] 2002, no pet.). A judgment is reversed only when it appears from the record as a whole that the trial court abused its discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990). A trial court abuses its discretion as to factual matters when it acts unreasonably or arbitrarily. *Stevens*, 84 S.W.3d at 722 (citing *Worford*, 801 S.W.2d at 109). The court abuses its discretion as to legal matters when it fails to act without reference to any guiding principles. *Id.* (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992)).

■ Under this standard of review, a legal and factual sufficiency review of the evidence are not independent grounds of error but are relevant factors in assessing whether the trial court abused its discretion. *Niskar v. Niskar*, 136 S.W.3d 749, 753 (Tex.App.-Dallas 2004, no pet.). We review the record to determine whether some evidence exists to support the judgment. *Id.* (citing *Worford*, 801 S.W.2d at 109). The judgment will be upheld on any legal theory that finds support in the evidence. *Niskar*, 136 S.W.3d at 754.

### Issues One and Three

■ Appellant contends in his first and third issues that the trial court erred by granting a judgment for child support and spousal support arrearages for the years 2003 and 2004 because the trial court incorrectly concluded appellant unilaterally reduced his child support and spousal support obligations after appellee moved to Dallas. The mediation agreement provides, in pertinent part, as follows:

MONTHLY EXPENSES

. . .

27. Starting January 1, 2003, [appellant] will pay to [appellee] the sum of $5,500 per month for child support

and spousal support. [Appellant] will pay $2550 in spousal support and $3000 in child support.... Child support and spousal support are based upon [appellant's] estimated net annual after taxes income of $165,000 each year. Spousal support will be paid until December 31, 2007.... After taxes are filed each year, [appellee] will receive a copy of [appellant's] tax returns. If an adjustment is in order according to the Family Child Support Chart one will be initiated at that time. Either party can ask their attorney to do the necessary legal work.

. . .

MOVING

38. The parties agree that [appellee] has the option of moving to Texas to be near her family. If and when [appellee] decides to move she will give [appellant] as much notice as possible as he plans to move to the same city to be near the children. He will need to change his business structure. [Appellee] is aware that a move may create a shift in [appellant's] income. [Appellant] will make every effort to maintain his financial agreement. In the event his income is reduced, the financial agreement would be ammended [sic] that [appellant] would provide 19% of his net income toward spousal support, and he would provide 22% of his income toward child support.

. . .

During the course of the trial, appellant admitted that he reduced or failed to pay his child support and spousal support obligations after moving to Texas. Appellant; however, contends the "moving" section of the mediation agreement permitted him to reduce his support obligations without court intervention if his income decreased.

Although we agree with appellant that the mediation agreement contemplates the reduction of appellant's support obligations with a concurrent reduction in income, we believe the trial court was correct to conclude that appellant may not unilaterally reduce his obligations without court intervention. *See* TEX. FAM.CODE § 156.401(b) (a support order may be modified with regard to the amount of support ordered only as to obligations accruing after the earlier of the date of service of citation or an appearance in the suit to modify); *see also Thompson v. Thompson*, 254 Ark. 881, 496 S.W.2d 425, 427 (1973) (the court alone has the right to change the amount of the award for support and the appellant may not voluntarily stop payment). In addition, the mediation agreement itself discusses the need for "legal work" when an adjustment to support is in order. Thus, the record supports the trial court's judgment, and we overrule appellant's first and third issues on appeal. *Niskar*, 136 S.W.3d at 754.

### Issue Two

In his second issue on appeal, appellant challenges four of the trial court's findings of fact. We are bound to assume the validity of the judgment of the trial court. *Leonard v. Eskew*, 731 S.W.2d 124, 131 (Tex.App.-Austin 1987, writ ref'd n.r.e.). We construe the judgment and any attendant findings of fact and conclusions of law in a way that sustains the judgment, if we are able to do so without doing violence to the language used. *Leonard*, 731 S.W.2d at 131–32. *See also Waggoner v. Morrow*, 932 S.W.2d 627, 631 (Tex.App.-Houston [14th Dist.] 1996, no writ) (stating conclusions of law will be upheld on appeal if the judgment can be sustained on any legal theory supported by the evidence); *Mobile Housing, Inc. v. M.F. Stone*, 490 S.W.2d 611, 614 (Tex.Civ. App.-Dallas 1973, no writ) (stating if findings of fact are susceptible to different constructions, we should construe them in harmony with the judgment and to support it). Incorrect conclusions of law will not require reversal if the controlling findings of fact will support a correct legal theory. *Waggoner*, 932 S.W.2d at 631.

A trial court's findings of fact, on the other hand, are reviewed for factual sufficiency of the evidence under the same legal standards as are applied to review jury verdicts for factual sufficiency of the evidence. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex.1991). Findings may be overturned only if they are so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986).

Appellant challenges four of the trial court's findings of fact in his second issue. First, appellant argues there is no evidence, or insufficient evidence, to support the trial court's finding of fact number twelve which states that appellant's child support obligation of $3,000.00 per month remained in effect until modified by a court of competent jurisdiction. We believe this is actually a conclusion of law made by the trial court.[1] For the same reasons we have overruled issues one and three above, we believe "finding of fact" twelve is a legal theory supported by the terms of the mediation agreement. *Waggoner*, 932 S.W.2d at 631.

Next, appellant challenges the trial court's finding that appellant failed to pay his child support obligation as ordered in

---

1. The trial court's findings of fact state, "Any finding of fact that is a conclusion of law shall be deemed a conclusion of law."

the decree. As previously noted, we believe the trial court correctly determined the $3,000 per month obligation remained in effect until modified by a court of competent jurisdiction. Furthermore, during the course of trial, appellant admitted that he believed he was not required to return to court to change the payments he was making and further admitted that he did change his monthly child support payments without court order. Therefore, the trial court was correct in its finding that appellant failed to pay his child support obligation ordered in the decree. *See Cain*, 709 S.W.2d at 176.

■ Appellant further complains of the trial court's finding that the amount of past due child support is $36,855.60 and also that appellee was entitled to a judgment of $18,200.00 in past due spousal support and $36,855.60 in past due child support. It is the classic province of the trier of fact to pass upon the credibility of evidence introduced before it and to accept all, part, or none of it. *In the Interest of Striegler*, 915 S.W.2d 629, 640 (Tex.App.-Amarillo 1996, writ denied). We conclude there is more than a scintilla of evidence to support the trial court's findings which is within the range of arrears set forth by the parties' evidence. *In the Interest of C.Z.B. and L.M.B.*, 151 S.W.3d 627, 632 (Tex.App.-San Antonio 2004, no pet.). In addition, we conclude the documentary evidence and testimony presented at trial is factually sufficient to support the trial court's award. Viewing the evidence in a neutral light, the court's ruling is not so against the great weight of the evidence as to be manifestly unjust. *Id.* (citing *Cain*, 709 S.W.2d at 176). Therefore, we overrule appellant's second issue on appeal.

### Issue Four

■ In his fourth issue on appeal, appellant contends there is no evidence, or insufficient evidence, to support three of the trial court's findings of fact. First, appellant challenges the trial court's finding that he failed to pay his spousal support obligation prior to the termination of the obligation. Again, we agree with the trial court that appellant's support obligation of $2,550 per month remained intact until appellee remarried. Appellant admitted he did not believe he was required to return to court to modify his support obligations and that he modified his obligations upon his move to Texas. Therefore, the trial court was correct in finding he failed to pay his spousal support obligation prior to the termination of the obligation under the decree. *Cain*, 709 S.W.2d at 176.

Appellant also challenges the trial court's finding that the past due amount in spousal support is $18,200.00. Again, the record contains evidence to support the trial court's findings which is within the range of arrears awarded. *In the Interest of C.Z.B. and L.M.B.*, 151 S.W.3d at 632.

Finally, like in his second issue, appellant challenges finding of fact number sixteen which finds that appellee was entitled to a judgment of $18,200.00 in past due spousal support and $36,855.60 in past due child support. For the reasons stated with regard to appellant's second issue, we conclude the trial court was correct in this finding and, therefore, overrule appellant's fourth appellate issue. *Id.*

### Issue Five

Appellant's fifth issue on appeal presumes we have reversed the trial court's judgment in part and challenges the award of attorneys' fees and costs. Because we have not reversed the underlying judgment, we do not need to address appellant's fifth issue.

### Issue Six

■ In his sixth issue, appellant challenges the award of attorneys' fees and

costs. We conclude that because the trial court was correct in its judgment with regard to the appellant's arrearages, the trial court was also justified in its decision to award fees and costs to appellee. TEX. FAM.CODE ANN. § 157.167 (Vernon 2005); *In re Marriage of Williams*, 998 S.W.2d 724, 730 (Tex.App.-Amarillo 1999, no pet.).

Still, appellant specifically challenges the trial court's finding of fact number 17 which determined appellee is entitled to a judgment in the amount of $53,567.50 in attorneys' fees and $1,582.48 in costs. During trial, appellee's counsel testified to these exact amounts as his fees and costs. In addition, appellant's counsel stipulated that appellee's counsel is "a very good attorney," his fees are "reasonable" and "that whatever his fee is, the total dollar figure is reasonable and necessary in this case...." Therefore, we also overrule appellant's sixth issue on appeal. *Cain*, 709 S.W.2d at 176.

Having overruled appellant's issues on appeal, we affirm the judgment of the trial court.