# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00486-CV

**Charles Eugene McFadden, Appellant**

**v.**

**Shannon Deedler, Appellee**

### FROM THE COUNTY COURT AT LAW NO.1 OF WILLIAMSON COUNTY, NO. 07-1564-FC1, HONORABLE SUZANNE BROOKS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Charles Eugene McFadden appeals from the trial court's order holding him in contempt of court for failure to pay medical support, granting judgment for arrearages, and awarding attorney's fees to Shannon Deedler. For the reasons that follow, we dismiss this appeal for lack of jurisdiction to the extent McFadden attempts to appeal the portion of the order holding him in contempt and affirm the order in all other respects.

## FACTUAL AND PROCEDURAL BACKGROUND

McFadden and Deedler were divorced in 2007. The final decree of divorce ordered each party to pay 50% of any health care expenses for their two children not covered by insurance. In March 2013, Deedler filed a "Motion for Enforcement by Contempt," contending that McFadden had failed to pay his share of the court-ordered medical support and requesting that the court hold him in contempt, fine him up to $500, and render judgment against him in the amount of the

arrearage plus interest, attorney's fees, and costs. Following a hearing, the trial court found that McFadden had failed to pay medical support as ordered, was able to pay in the amounts and on the dates ordered, and was guilty of a separate act of contempt for each such separate failure to pay medical support in the amounts ordered. The trial court granted judgment against McFadden for the arrearage in the amount of $6,990.20, payable through withholding from his earnings at the rate of $250 per month, and awarded Deedler $1,735 in attorney's fees. The trial court also adjudged McFadden in contempt of court but assessed no punishment. This appeal followed.

**DISCUSSION**

In his first and second issues, McFadden attacks the portion of the trial court's order holding him in contempt. He argues that the order is void because Deedler's motion for enforcement failed to comply with the notice requirements of section 157.002(b)(2) of the Family Code and the requirements of due process necessary for a contempt order. Generally, however, a court of appeals lacks jurisdiction to review a contempt order on direct appeal. *Hernandez v. Hernandez*, 318 S.W.3d 464, 467 n.1 (Tex. App.—El Paso 2010, no pet.); *In re C.N.*, 313 S.W.3d 490, 491 n.1 (Tex. App.—Dallas 2010, no pet.); *In re Office of Att'y Gen.*, 215 S.W.3d 913, 915–16 (Tex. App.—Fort Worth 2007, orig. proceeding). Accordingly, we do not have jurisdiction to consider McFadden's first and second issues in this appeal. *See In re C.N.*, 313 S.W.3d at 491 n.1; *In re Office of Att'y Gen.*, 215 S.W.3d at 916 (noting that arrearage judgment is appealable and contempt judgment is subject to petition for writ of mandamus if no confinement is involved).

In his third issue, McFadden challenges the portion of the order awarding attorney's fees. Generally, we review a trial court's decision to grant or deny the relief requested in a post-

2

divorce motion for enforcement for abuse of discretion. *Beshears v. Beshears*, 423 S.W.3d 493, 499 (Tex. App.—Dallas 2014, no pet.); *McBride v. McBride*, 396 S.W.3d 724, 730 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). A trial court abuses its discretion when it acts without reference to any guiding rules or principles, or when it fails to analyze or apply the law correctly. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *In re A.L.S.*, 338 S.W.3d 59, 65 (Tex. App.—Houston [14th Dist.] 2011, pet. denied). McFadden's third issue also involves matters of statutory construction, which we review de novo. *See Railroad Comm'n v. Texas Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 624 (Tex. 2011); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding) (observing that court has no "discretion" to misinterpret or misapply law). Of primary concern is the express statutory language. *See Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867 (Tex. 2009). We apply the plain meaning of the text unless a different meaning is supplied by legislative definition or is apparent from the context, or the plain meaning leads to absurd results. *Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 663 (Tex. 2010).

McFadden asserts that the trial court's award of attorney's fees is void due to the fatal defects in Deedler's motion for enforcement. In other words, he contends that because the motion for enforcement failed to comply with the notice requirements of section 157.002(b)(2) of the Family Code and the requirements of due process necessary for a contempt order, the order is void as to the award of attorney's fees as well. McFadden offers no argument or authority for this contention and has therefore waived it. *See* Tex. R. Civ. P. 38.1(i). Even if he had not waived this argument, we would not find it persuasive. Assuming that the order is void as to the finding and adjudication of

3

contempt, a matter we have no jurisdiction to decide, that would not preclude an award of attorney's fees. Section 157.167 of the Family Code provides that "[i]f the court finds that the respondent has failed to make child support payments, the court *shall* order the respondent to pay the movant's reasonable attorney's fees and all court costs in addition to the arrearages." Tex. Fam. Code § 157.167(a) (emphasis added). For good cause shown, the court may waive the requirement that the respondent pay attorney's fees and costs if it states the reasons supporting that finding. *Id.* § 157.167(c). Absent such an express finding of good cause, the award of attorney's fees under section 157.167 is mandatory upon a finding of failure to make child support payments. *See id.* § 157.167(a); *Tucker v. Thomas*, 419 S.W.3d 292, 300 (Tex. 2013); *In re Williams*, 998 S.W.2d 724, 730 (Tex. App.—Amarillo 1999, no pet.). Medical support is an additional child support obligation that may be enforced by any means available to the enforcement of child support. *See* Tex. Fam. Code § 154.183(a); *In re A.L.S.*, 338 S.W.3d at 67.

McFadden contends that the trial court awarded attorney's fees because it found him in contempt. However, the court's authority to award attorney's fees is dependent not on whether the court holds a person in contempt but on whether the person is in default. Tex. Fam. Code § 157.167(a); *Sandford v. Sandford*, 732 S.W.2d 449, 451 (Tex. App.—Dallas 1987, no writ); *Saums v. Synoground*, 605 S.W.2d 373, 375 (Tex. Civ. App.—El Paso 1980, no writ). In the trial court, McFadden did not dispute that he was in default, and on appeal he does not attack the trial court's finding of default, the amount of the arrearage awarded, or the reduction of the arrearage award to judgment. We therefore must affirm that portion of the order granting judgment for the arrearage. *See Western Steel Co. v. Altenburg*, 206 S.W.3d 121, 124 (Tex. 2006) ("[A]bsent fundamental error,

4

an appellate court should refrain from deciding cases on legal errors not assigned by the parties."); *Allright, Inc. v. Pearson*, 735 S.W.2d 240, 240 (Tex. 1987) ("It is error for a court of appeals to consider unassigned points or error."). Because we must uphold the trial court's finding of default and judgment for the arrearage, and in the absence of a trial court finding that McFadden should not be required to pay attorney's fees, we must, under the plain language of section 157.167, also uphold the trial court's award of attorney's fees to Deedler. *See* Tex. Fam. Code § 157.167(a); *Marks*, 319 S.W.3d at 663; *Altenburg*, 206 S.W.3d at 124; *In re L.A.F.*, 270 S.W.3d 735, 741 (Tex. App.—Dallas 2008, pet. denied) (because trial court was correct in granting judgment for arrearage, it was also justified in decision to award attorney's fees). We overrule McFadden's third issue.[1]

## CONCLUSION

We dismiss this appeal for lack of jurisdiction to the extent McFadden attempts to appeal the portion of the order holding him in contempt and affirm the order in all other respects.

_____
Melissa Goodwin, Justice

Before Justices Puryear, Rose, and Goodwin

Affirmed in Part; Dismissed for Want of Jurisdiction in Part

Filed: August 27, 2014

_____

[1] McFadden also asks this Court to award him attorney's fees "for bringing this appeal due to [Deedler's] faulty or incomplete pleadings." McFadden offers no argument or authority for such an award and has therefore waived this request. *See* Tex. R. Civ. P. 38.1(i).